
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRS RECOVERY, INC., A Virginia corporation; DALE MAYBERRY, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> JOHN LAXTON, AKA johnlaxton@gmail.com, <br><br> Defendant - Appellant, <br><br> and <br><br> NORTH BAY REAL ESTATE, INC.; TIGER-CDM; BARNALI KALITA, AKA barnali.kalita@gmail.com; LI QIANG, AKA Jonathan Lee, AKA nameowner@yahoo.com; RL.COM; MAT.NET; BULK REGISTER; WILD WEST DOMAINS, DBA Domaincity.Com; GUAN YU, <br><br> Defendants, <br><br> LINDA S. GREEN, Trustee of the Estate of Northbay Real Estate Inc., <br><br> Trustee. | No. 12-16419 <br><br> D.C. No. 4:06-cv-07093-CW <br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| CRS RECOVERY, INC., A Virginia corporation; DALE MAYBERRY, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> JOHN LAXTON, AKA johnlaxton@gmail.com; NORTH BAY REAL ESTATE, INC.; TIGER-CDM; BARNALI KALITA, AKA barnali.kalita@gmail.com; LI QIANG, AKA Jonathan Lee, AKA nameowner@yahoo.com; RL.COM; MAT.NET; BULK REGISTER; WILD WEST DOMAINS, DBA Domaincity.Com; GUAN YU, <br><br> Defendants, <br><br> and <br><br> LINDA S. GREEN, Trustee of the Estate of Northbay Real Estate Inc., <br><br> Trustee - Appellant. | No. 12-16420 <br><br> D.C. No. 4:06-cv-07093-CW |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Submitted December 20, 2013[**]
San Francisco, California

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

North Bay Real Estate and John Laxton (collectively, "Appellants") appeal a judgment entered after a jury verdict finding them liable for conversion of a domain name, rl.com, and declaring CRS Recovery, Inc. ("CRS") and Dale Mayberry ("Mayberry") the rightful owners of the domain name. We affirm.

Under either of the alternative scenarios argued by Appellants, Mayberry or CRS had standing at the lawsuit's inception, which is sufficient for subject matter jurisdiction. *See Watt v. Energy Action Educ. Found.*, 454 U.S. 151, 160 (1981); *Kaahumanu v. Hawaii*, 682 F.3d 789, 798 (9th Cir. 2012); *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1171 (9th Cir. 2002). Even under Appellants' narrow interpretation of the complaint, CRS' claims relating to rl.com did not become moot at any point in the litigation and failure to dismiss Mayberry as a plaintiff after he recovered mat.net did not prejudice Appellants.

The evidence was sufficient to prove CRS demanded the return of rl.com. The model California jury instruction cited by Appellants does not require the makers of a demand to identify themselves as having a right to possession. CACI 2100, Judicial Council of California Civil Jury Instructions, Database (Sept. 2013). Further, Appellants concede that the district court correctly instructed the jury on this element

3

and there is sufficient evidence plaintiffs made this demand. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008).

The district court did not abuse its discretion by excluding evidence and cross-examination regarding email exchanges between Richard Lau ("Lau") and Barnali Kalita ("Kalita") and the amount CRS paid for the assignment of rl.com. Unlike *United States v. Castillo*, 181 F.3d 1129, 1132–34 (9th Cir. 1999), Appellants did not seek to admit "evidence that specific testimony [was] false, because contradicted by" the email exchanges, nor did Lau make an "expansive and unequivocal denial" of the conduct exposed in the email exchanges. Appellants' alternative argument, that the district court misapplied Federal Rule of Evidence 608(b) altogether, is not persuasive. Although the district court excluded evidence of the financial terms of the assignment of rl.com, it allowed ample testimony demonstrating Lau's financial stake in the outcome of the trial and permitted Appellants to argue in closing that Lau would "stand[] to gain financially in a huge way" if plaintiffs prevailed. Finally, any error in this regard would be harmless in light of the evidence. *See Harper*, 533 F.3d at 1030; *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005).

The district court's jury instruction did not misstate the elements of fraud or ignore our statement in *CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138, 1146 (9th Cir. 2010), that Laxton alleged "facts that, if credited, support the conclusion that

4

Mayberry voluntarily gave up control over rl.com, and [the third party] exploited that carelessness to fraudulently obtain control of the site." Instead, the district court explicitly incorporated this "exploitation of carelessness" concept into the instruction. Furthermore, the instructions correctly emphasized voluntary versus involuntary relinquishment of control over property as the essential distinction between fraud and theft. *See id.* at 1145-46. We find no error in this instruction and, in any event, any error would be harmless. *See Bank of N.Y. v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008); *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005).

All remaining claims are without merit. Appellants' argument against declaratory relief fails since we affirm the jury's verdict on the conversion claim. The Ninth Circuit has held that California law recognizes domain names as personal property subject to conversion, *see CRS Recovery, Inc.*, 600 F.3d at 1142; *Kremen v. Cohen*, 337 F.3d 1024, 1029–36 (9th Cir. 2003), and Appellants provide no California decision stating otherwise. *In re Forchion*, 198 Cal. App. 4th 1284, 1308–09 (Cal. Ct. App. 2011), is not to the contrary.

**AFFIRMED.**